Minute Order Form (06/97)

## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | George W. Lindberg | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 5825 | **DATE** | 10/17/2001 |
| **CASE TITLE** | Alberto-Culver vs. Sunstar | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Plaintiff's motion to remand to State Court (3-1) is denied. Enter memorandum opinion and order.

(11) ■ [For further detail see order attached to the original minute order.]

| ✓ | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | 10-18-01 | |
| | Notified counsel by telephone. | | date docketed | 13 |
| | Docketing to mail notices. | | | |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| SLB | courtroom deputy's initials | 01 OCT 17 AM 11:54 | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

ALBERTO-CULVER CO., )
)
Plaintiff, ) 01 C 5825
)
v. )
) Judge George W. Lindberg
SUNSTAR, INC., SUNSTAR GROUP CO., )
KANEDA KASAN KABUSHIKI KAISHA, )
and BANK ONE, )
)
Defendants. )

## MEMORANDUM OPINION AND ORDER

Plaintiff, Alberto-Culver Co. (Alberto), has moved to remand this action to the Circuit Court of Cook County for lack of subject-matter jurisdiction because although jurisdiction is based on diversity, the parties are not diverse. Defendant Sunstar, Inc. (Sunstar), which removed this case from state court, claims in its removal petition that the Illinois citizenship of defendant Bank One–which is the same as Alberto's–is irrelevant because it is a nominal party and therefore does not destroy diversity jurisdiction. Alberto maintains that Bank One is an integral defendant to this action, is not a nominal defendant, and that diversity jurisdiction therefore does not exist in this case.

Alberto manufactures and distributes hair care products, directly and through licensees. Approximately 35 years ago, Alberto and Sunstar entered a joint venture to market hair care products in Japan. In 1979, Sunstar sought greater rights in the Alberto trademarks in Japan. As a result, effective February 27, 1980, Sunstar and Alberto entered a combination of agreements under which Alberto sold all right and interest in the trademarks to Sunstar, and Sunstar entered

into a trust agreement whereby it assigned all right and interest in the trademarks to Bank One[1] as trustee. Bank One then licensed those trademarks back to Sunstar, the sole beneficiary of the trust. The purpose of the trust was to "secure the performance of the covenants and obligations of the parties [Alberto and Sunstar] being secured by the trust." Under the trust agreement, Sunstar had the exclusive right to manufacture, use, sell and offer for sale in Japan products bearing the Japanese VO5 trademarks. Bank One has no authority to sell the marks, to use the marks or to authorize any party other than Sunstar to use the marks. The 1980 agreements, including the license agreement between Bank One and Sunstar, require Sunstar to use only the licensed VO5 trademarks; require Sunstar to make continuous and sufficient use of the marks to maintain the trustee's registrations of the marks; prohibit Sunstar from infringing, impairing of lessening the value of the marks; and prohibit Sunstar from taking action that constituted a danger to the value of the marks. Under the licensing agreement, Sunstar had the responsibility to maintain any action on behalf of Bank One as the licensor unless Bank One chose to bring an action itself. Sunstar was also charged with maintaining the marks' registration and obtaining renewals in Japan. If Bank One reasonably believed that an act of Sunstar constituted a danger to the value or validity of the ownership or title in the trademarks, it could suspend the right of Sunstar to use the trademarks after notice and time to cure. The 1980 agreements provided that if Bank One terminated the license agreement, title to the rights reverted to Alberto. If the parties determined there was no further need for the trust, Sunstar and Alberto could direct the trustee to transfer and assign to Sunstar all of the trademarks and to terminate the trustee's license agreement with Sunstar.

---

[1] Bank One was then known as First National Bank of Chicago.

In March 1999, Sunstar notified Bank One that it intended to use a "modernized" Japanese VO5 trademark. It redesigned the mark after market research indicated that the look of Sunstar's packaging needed to be updated. Sunstar claims that the modernized trademark did not materially alter the commercial impression of the Japanese VO5 trademarks. In May 1999, Bank One notified Sunstar that it objected to the use of the modernized mark and threatened suspension of Sunstar's licensing rights. Bank One noted that it understood that Alberto had not consented to the use of the new design. After Sunstar continued to use the new trademark, Bank One did indeed suspend Sunstar's licensing rights, noting that the issue was "essentially a dispute between Sunstar and Alberto."

Although Sunstar and Alberto attempt to resolve the dispute, in January 2001, Alberto filed this action against Sunstar in state court. As stated, Sunstar subsequently removed the case, asserting that Bank One is a nominal defendant. Alberto disagrees, and moves to remand.

The right to remove an action from a state court to a federal court exists only in limited circumstances. *Chesapeake & Ohio Railway Co. v. Cockrell*, 232 U.S. 146, 151, 34 S.Ct. 278, (1914). As the party seeking removal, Sunstar shoulders the burden of proving that subject matter jurisdiction exists. *Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92, 97, 42 S.Ct. 35, 37, (1921). Courts resolve any doubt as to whether jurisdiction exists in favor of state court jurisdiction. *Jones v. General Tire & Rubber Co.*, 541 F.2d 660, 664 (7th Cir.1976).

A nominal party is one who has no interest in the subject matter of the litigation. *See, e.g., S.E.C. v. Cherif*, 933 F.2d 403, 414 (7th Cir. 1991). "A nominal defendant holds the subject matter of the litigation 'in a subordinate or possessory capacity as to which there is no dispute.'" *Id.* (citations omitted). Nominal parties are mere stakeholders or depositories of the subject

matter in dispute and have no interest in the result of the litigation. *See Salem Trust Co. v. Manufacturer's Finance Co.*, 264 U.S. 182, 188, 44 S.Ct. 266, 267 (1924). "A defendant is nominal if there is no reasonable basis for predicting that it will be held liable." *Shaw v. Dow Brands, Inc.*, 994 F.2d 364, 369 (7th Cir. 1993).

Alberto claims that Bank One cannot be nominal in this action because it is a party to the agreements in dispute and is also the licensor of the trademarks. It claims that Sunstar has breached the license agreement for trademarks that Bank One legally owns. *Von Herberg v. City of Seattle*, 27 F.2d 457, 461 (9th Cir. 1928) (city was not nominal where goal of suit was to invalidate contract to which city was party); *Foslip Pharmaceuticals, Inc. v. Metabolife International Inc.*, 981 F.Supp.2d 891, 907 (N.D.Iowa 2000); *Amgen Inc. v. Ortho Pharmaceutical Corp.*, 1997 WL 232755 (N.D.Ill) (corporation had been granted the rights to manufacture and sell licensed product or to sublicense or assign those rights).

Although whether the allegedly nominal party is a licensor or a party to the contract at issue is generally a relevant factor when determining whether a party is nominal, none of the cases Alberto cites involves a situation where the party at issue is the trustee of a trust created expressly by and to preserve the rights of the two parties. These cases would be applicable if the question was whether Alberto or Sunstar was a nominal party; each undoubtedly would be. The fact that Bank One had no independent interest in the trademarks before the formation of the trust, and that the trust was created to preserve the rights of both Alberto and Sunstar places the question before the court it in a different category than the parties in the previously cited cases.

Sunstar points to Seventh Circuit language including trustees in a list of examples of nominal parties. *Cherif*, 933 F.2d at 414. However, although the Seventh Circuit has

matter in dispute and have no interest in the result of the litigation. *See Salem Trust Co. v. Manufacturer's Finance Co.*, 264 U.S. 182, 188, 44 S.Ct. 266, 267 (1924). "A defendant is nominal if there is no reasonable basis for predicting that it will be held liable." *Shaw v. Dow Brands, Inc.*, 994 F.2d 364, 369 (7th Cir. 1993).

Alberto claims that Bank One cannot be nominal in this action because it is a party to the agreements in dispute and is also the licensor of the trademarks. It claims that Sunstar has breached the license agreement for trademarks that Bank One legally owns. *Von Herberg v. City of Seattle*, 27 F.2d 457, 461 (9th Cir. 1928) (city was not nominal where goal of suit was to invalidate contract to which city was party); *Foslip Pharmaceuticals, Inc. v. Metabolife International Inc.*, 981 F.Supp.2d 891, 907 (N.D.Iowa 2000); *Amgen Inc. v. Ortho Pharmaceutical Corp.*, 1997 WL 232755 (N.D.Ill) (corporation had been granted the rights to manufacture and sell licensed product or to sublicense or assign those rights).

Although whether the allegedly nominal party is a licensor or a party to the contract at issue is generally a relevant factor when determining whether a party is nominal, none of the cases Alberto cites involves a situation where the party at issue is the trustee of a trust created expressly by and to preserve the rights of the two parties. These cases would be applicable if the question was whether Alberto or Sunstar was a nominal party; each undoubtedly would be. The fact that Bank One had no independent interest in the trademarks before the formation of the trust, and that the trust was created to preserve the rights of both Alberto and Sunstar places the question before the court it in a different category than the parties in the previously cited cases.

Sunstar points to Seventh Circuit language including trustees in a list of examples of nominal parties. *Cherif*, 933 F.2d at 414. However, although the Seventh Circuit has

matter in dispute and have no interest in the result of the litigation. *See Salem Trust Co. v. Manufacturer's Finance Co.*, 264 U.S. 182, 188, 44 S.Ct. 266, 267 (1924). "A defendant is nominal if there is no reasonable basis for predicting that it will be held liable." *Shaw v. Dow Brands, Inc.*, 994 F.2d 364, 369 (7th Cir. 1993).

Alberto claims that Bank One cannot be nominal in this action because it is a party to the agreements in dispute and is also the licensor of the trademarks. It claims that Sunstar has breached the license agreement for trademarks that Bank One legally owns. *Von Herberg v. City of Seattle*, 27 F.2d 457, 461 (9th Cir. 1928) (city was not nominal where goal of suit was to invalidate contract to which city was party); *Foslip Pharmaceuticals, Inc. v. Metabolife International Inc.*, 981 F.Supp.2d 891, 907 (N.D.Iowa 2000); *Amgen Inc. v. Ortho Pharmaceutical Corp.*, 1997 WL 232755 (N.D.Ill) (corporation had been granted the rights to manufacture and sell licensed product or to sublicense or assign those rights).

Although whether the allegedly nominal party is a licensor or a party to the contract at issue is generally a relevant factor when determining whether a party is nominal, none of the cases Alberto cites involves a situation where the party at issue is the trustee of a trust created expressly by and to preserve the rights of the two parties. These cases would be applicable if the question was whether Alberto or Sunstar was a nominal party; each undoubtedly would be. The fact that Bank One had no independent interest in the trademarks before the formation of the trust, and that the trust was created to preserve the rights of both Alberto and Sunstar places the question before the court it in a different category than the parties in the previously cited cases.

Sunstar points to Seventh Circuit language including trustees in a list of examples of nominal parties. *Cherif*, 933 F.2d at 414. However, although the Seventh Circuit has

questioned whether a *per se* class of nominal parties could exist, a blanket statement that all trustees are per se nominal is incorrect. *Shaw*, 994 F.2d at 369 (questioning whether parent corporations would always be nominal parties). Alberto cites Supreme Court precedent to rebut Sunstar's assertion that the Seventh Circuit has held that trustees are *per se* nominal parties. In *Navarro Savings Assn. v. Lee*, the Supreme Court discussed whether the trustees of a real estate investment trust qualified as the real parties to the controversy for purposes of diversity jurisdiction. 446 U.S. 458, 100 S.Ct. 1779 (1980). Notably, in *Navarro*, the trustees, who brought suit themselves on behalf of the trust, were the parties to the contract at issue. *Id.* at 459, 100 S.Ct. at 1781 (promissory note at issue was payable to the respondents "as trustees"). The Supreme Court, however, did not consider this fact when determining whether the trustees were nominal parties. Instead, it focused on the duties of the trustees vis-a-vis the trust and its beneficiaries. It found that a trustee is a real party to the controversy when it "possesses certain customary powers to hold, manage, and dispose of assets for the benefit of others." *Id.* at 464; 100 S.Ct. At 1783. The trustees in *Navarro* were authorized to "invest the funds of the trust, lend money, and initiate or compromise lawsuits." *Id.* at 459. The trust's 9,500 shareholders had no voice in investment decisions and could not control any litigation or intervene in the day-to-day affairs of the trust except in extremely limited circumstances. *Id.* at 464-65. When a trustee was a real party to a controversy, "'the beneficiaries were not necessary parties and their citizenship was immaterial.;" *Id.* (quoting *Bullard v. Cisco*, 290 U.S. 179, 190, 54 S.Ct. 177, 181). This type of active trustee was the real party to the action and therefore not nominal.

Alberto maintains that Bank One is just such an active trustee because it is charged with carrying out the duties and purposes of the trust, as opposed to just holding legal title. Bank One

may bring suit for infringement and may transfer the marks under certain clearly delineated conditions although its discretion in this instance is also limited.[2] It, however, has no power to use the marks or authorize use of the marks to anyone other than Sunstar. Sunstar is responsible for maintaining the marks' registrations and for renewing the marks, and may bring suit for infringement.

The court finds that Bank One's control over the marks does not constitute the substantial control over the trust property as is to constitute the real party in interest. In addition, the facts in *Navarro* are distinguishable from the instant case because Bank One has made no attempt to bring an action or control this litigation itself, as did the trustees in *Navarro*. The other factors a court must consider when determining whether a party is nominal also indicate that Bank One has no real interest in this litigation. An examination of the allegations in Alberto's complaint reveals that it has brought no cause of action against Bank One. Sunstar claims that this is a clear indication that Bank One is a nominal party. *Shaw*, 994 F.2d at 369 ("a defendant is nominal if there is no reasonable basis for predicting that it will be held liable"). Bank One faces no risk of

---

[2] Although Alberto cites *Navarro* and *Gustafson* for the proposition that the court must look to Illinois law to determine whether Bank One is an active or passive trustee, neither of those cases stands for that proposition. The court in *Gustafson* did not look to Illinois law regarding trusts to evaluate the trust's role or responsibilities. In *Navarro*, it was in the dissent that Justice Blackmun noted the majority's disregard Massachusetts law regarding what the legal nature of the trust actually was. *Navarro*, 446 U.S. at 469, 100 S.Ct. at 1786. The majority simple used the standard stated above. Nor is the court convinced that the result would be any different if it used Illinois' definition of an active trust. *See Hocking v. Hocking*, 137 Ill.App.3d 159, 167, 484 N.E.2d 406, 412 (5th Dist. 1985) (passive trustee "is merely the depository of the legal title with no duties being imposed upon him as to the management, control or disposition of the property" and "the trustee of a passive trust, could perform certain non-active functions, such as receiving rents and profits, collecting money and paying it over to the beneficiary, and paying taxes if the beneficiary failed to do so, but could not convey title to the trust property without the consent of the beneficiary").

judgment in this case and will not be affected by the outcome. *Selfix v. Bisk*, 867 F.Supp. 1333, 1336 (N.D.Ill. 1994) (citing *Shaw*). Although Alberto protests that it has requested relief in the form of an injunction against Bank One to return the marks to it, this is no different than a request that a bank being used as a depository turn the assets over to the successful party. *Godley v. Valley View State Bank*, 2000 WL 1114927, *1 (D. Kansas); *contra Thomas v. Klinkhamer*, 2000 WL 967984 (N.D.Ill.) (defendant was real party where cause of action existed against it even if only relief requested was injunctive). Bank One simply cannot incur liability when there is no cause of action against it.

The essence of this case is a dispute between Alberto and Sunstar. *See Selfix*, 867 F.Supp. at 1336. Bank One is disinterested in the outcome of the litigation in the sense that it will not be materially affected by it, regardless of which party is successful.

For all of these reasons, the court finds that Bank One is a nominal party to this litigation and that Sunstar has met its burden of establishing that diversity jurisdiction does indeed exist. Alberto's motion to remand is therefore denied.

**ORDERED:** The court denies the plaintiff's motion to remand.

**ENTER:**

George W. Lindberg
United States District Judge

DATED: OCT 17 2001